UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT WILSON,

    Plaintiff,

v.                                                        Case No: 8:19-cv-1868-TPB-SPF

CITY OF ST. PETERSBURG,
CLAUDE TANKERSLEY, and
GARY CORNWELL

    Defendants.
_____/

**ORDER DENYING "DEFENDANTS', CITY OF ST. PETERSBURG, CLAUDE TANKERSLEY AND GARY CORNWELL'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Defendants', City of St. Petersburg, Claude Tankersley and Gary Cornwell's Dispositive Motion for Summary Judgment and Memorandum of Law in Support," filed on November 30, 2020. (Doc. 66). Plaintiff Dwight Wilson filed a response in opposition on December 28, 2020. (Doc. 77). Upon review of the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Plaintiff, an African-American male, alleges numerous incidents of discrimination that occurred during his nine years of employment with the City of St. Petersburg. For the majority of his employment, Plaintiff served as the

---

[1] On summary judgment, the Court views the facts in the light most favorable to the nonmoving party. *See Crawford v. Carroll*, 529 F.3d 961, 964 n.1 (11th Cir. 2008).

Assistant Director of Water Resources. He details several times that he was passed over for promotion to the Director of Water Resources Department – from 2012 until 2016 – in favor of less qualified white males. He also alleges that he was ultimately terminated due to racial discrimination and retaliation.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Plaintiff has brought claims for race discrimination under the Florida Civil Rights Act ("FCRA") (Count I), retaliation under the FCRA (Count II), and race discrimination under 28 U.S.C. § 1983 (Counts III, IV, and V). (Doc. 19). Although these claims are brought under different statutory schemes, the analysis of each claim involves similar legal frameworks and tests. *See, e.g., Smith v. Vestavia Hills Bd. of Educ.*, 791 F. App'x 127, 130 (11th Cir. 2019); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1389-90 (11th Cir. 1998).

### *Race Discrimination (Counts I, III, IV, V)*

In their motion for summary judgment, Defendants argue that Plaintiff cannot establish a prima facie case of racial discrimination. Under the *McDonnell Douglas* framework, the plaintiff must first make out a prima facie case for racial discrimination by showing: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to perform the job; and (4) his employer treated "similarly situated" employees outside his class more favorably. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Establishing a prima facie case creates an initial presumption of discrimination. *Flowers v. Troup Cty, Ga., Sch. Dist.,* 803 F.3d 1327, 1336 (11th Cir. 2015). The burden then shifts to the defendant to "articulate legitimate, nondiscriminatory reasons for its actions." *Lewis*, 918 F.3d at 1221 (citing *Texas Dep't of Community Affairs v. Burdine*, 405 U.S. 248, 253 (1981)). "Once the employer advances its legitimate,

nondiscriminatory reason, the plaintiff's prima facie case is rebutted and all presumptions drop from the case." *Flowers*, 803 F.3d at 1336 (citing *Burdine*, 450 U.S. at 255). The burden then shifts back to the plaintiff to demonstrate that the defendant's reasons were a pretext for discrimination. *Lewis*, 918 F.3d at 1221.

Prima Facie Case

Here, the Court finds that Plaintiff has established a prima facie case for racial discrimination. Plaintiff belongs to a protected class as an African-American. He was subject to adverse employment actions, including denials of promotions and termination. Although Defendants vaguely argue that Plaintiff was not qualified to do the job, they present no evidence or further argument to support their position that he was not qualified.[2] The only element at issue, therefore, appears to be the fourth element – whether Plaintiff has identified any similarly situated employees outside of his class that have been treated more favorably.

In his response in opposition, Plaintiff points to four assistant directors – Robert Danielson (white male), John Armbruster (white male), Shrimatee Ojah-Maharaj (white female) and Mike McDonald (white male) – who were transferred to new positions within the City when their positions were eliminated for strictly organizational purposes in other reorganizations within the past few years. The Court finds that these employees identified by Plaintiff are similar in all material respects and agrees with Plaintiff that it would defeat the purpose of the *McDonnell Douglas* burden-shifting framework to restrict comparators to only other assistant

---

[2] At best, this would be a disputed issue of material fact precluding summary judgment.

directors whose positions were eliminated in the same reorganization, as Defendants have suggested.

Plaintiff has also identified another similarly situated employee, John Parks (white male), who was treated differently during this same reorganization. According to Plaintiff, Director Steve Leavitt originally planned to eliminate Parks's manager position in the same reorganization that eliminated Plaintiff's position, but when Parks complained, he was allowed to remain in his position. The Court finds that Parks also qualifies as a similarly situated employee in all material respects, and Plaintiff has shown that Parks may have been treated more favorably.[3]

In addition, Plaintiff identified Andrew Minette (white male) as a suitable comparator because he was hired to fill the senior manager position over Plaintiff following Plaintiff's termination during the reorganization. According to Plaintiff, Minette possessed the same master's degree in public works administration, but Minette's experience with managing the Water Resources Department paled in comparison to Plaintiff's experience. The Court finds that Minette qualifies as a similarly situated employee in all material respects, and that Plaintiff has shown

---

[3] The Eleventh Circuit has explained that a plaintiff and his comparator do not need to be doppelgangers. *Lewis*, 918 F.3d at 1226 (citing *Flowers*, 803 F.3d at 1340). They do not need to be identical but for their race or gender. *Id.* at 1227. They do not need to have precisely the same job title. *Id.* (citing *Lathem v. Dept' of Children & Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999)). In addition, minor differences in job function will not disqualify a would-be comparator. *Id.* (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998)). Rather, what is important is that the would-be comparator be similar in "all material respects." *Id.*

Minette may have been treated more favorably. As such, Plaintiff has established a prima facie case of racial discrimination.[4]

### Nondiscriminatory Reason for Action

Because Plaintiff has established a prima facie case, the burden then shifts to Defendants to provide a valid, nondiscriminatory reason for its actions. The Eleventh Circuit has held that a defendant's burden to provide nondiscriminatory reasons for its actions is "a low bar to hurdle." *Flowers*, 803 F.3d at 1336 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)) (internal quotations omitted). The defendant "need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Vargas v. Michaels Stores, Inc.*, No. 8:16-cv-1949-T-33JSS, 2017 WL 2931379, at *14 (M.D. Fla. June 10, 2017) (quoting *Weston-Brown v. Bank of Am. Corp.*, 167 F. App'x 76, 80 (11th Cir. 2006)).

Defendants contend that reorganization of the senior management in the Water Resources Department was necessary to enhance fluidity of the decision-making process. By producing a nondiscriminatory reason for its actions, Defendants have met their burden of production, and the burden shifts back to Plaintiff to show that Defendants' proffered reason is pretextual.

---

[4] The Court notes that even if Plaintiff had not identified any adequate comparators, he could still survive summary judgment under the facts presented here by relying on "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *Lewis*, 934 F.3d at 1185.

Pretext

The Eleventh Circuit has observed that "[a] reason is pretextual only if it is false and the true reason for the decision is discrimination." *Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, No. 19-12094, 2020 WL 709620, at *6 (11th Cir. Feb. 12, 2020); *Langford v. Magnolia Adv. Mat., Inc.*, 709 F. App'x 639, 641 (11th Cir. 2017) ("An employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

Evidence of pretext must be enough to "allow a reasonable finder of fact to conclude that the [employer's] articulated reasons were not believable." *Callahan v. City of Jacksonville, Fla.*, No. 19-11432, 2020 WL 914923, at *3 (11th Cir. Feb. 26, 2020) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515). The evidence must, therefore, be sufficient to render the employer's nondiscriminatory explanations for its actions "unworthy of credence." *Burdine*, 450 U.S. at 256 (citing *McDonnell Douglas*, 411 U.S. at 804-05). "The focused inquiry . . . requires the plaintiff to demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1275 (11th Cir. 2008) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation omitted)).

Plaintiff argues that Defendants' explanations are inconsistent and points to several contradictions in witness testimony that would permit a jury to conclude

that Defendants are lying about why the position was eliminated and by whom. Specifically, Steve Leavitt, Claude Tankersley, Gary Cornwell, Chris Guella, and Jessel Millet all offer contradictory testimony about who decided to eliminate the position and why the position needed to be eliminated. Plaintiff argues that the jury could infer, based on this evidence, that Tankersley tried to hide his role and motivation in removing Plaintiff from the Water Resources Department.

Plaintiff also argues that Defendants' explanations are implausible. He points to testimony from several City employees that the assistant director framework worked well, so the explanation that reorganization was necessary to enhance the fluidity of the decision-making process does not hold water. He also points to the fact that other assistant directors in prior organizations were reassigned to different departments to demonstrate that that the decision to remove Plaintiff without reassigning him was pretextual since the jury could believe, if the elimination of the position was legitimate, the City would have found a permanent position for him as it had with the white assistant directors.

Upon consideration of the record and legal arguments, there is a genuine issue of fact as to whether the proffered nondiscriminatory reason for eliminating Plaintiff's position was pretext for discrimination. As such, Defendants are not entitled to summary judgment on Plaintiff's racial discrimination claims.

### *Retaliation (Count II)*

Retaliation claims are reviewed under the same *McDonnell Douglas* burden-shifting framework discussed above. *See Johnson v. Miami-Dade Cty.*, 948 F.3d

1318, 1325 (11th Cir. 2020); *Ceus v. City of Tampa*, No. 18-10484, 2020 WL 525559, at *6 (11th Cir. Feb. 3, 2020). The only difference in the analyses is that the prima facie case for retaliation requires the plaintiff to establish: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was some causal connection between the two events. *Johnson*, 948 F.3d at 1325. To establish causation, a plaintiff must be able to show "but-for" causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). The Eleventh Circuit has held that when a plaintiff relies on mere temporal proximity to establish causation, the proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007); *see, e.g.*, *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229-30 (11th Cir. 2011) (holding that a two-month gap is not "very close").

Plaintiff engaged in statutorily protected activity when he notified the City on April 7, 2016, that he intended to file an EEOC complaint based on his belief he had been the victim of race discrimination. He suffered an adverse employment action when his position was eliminated four days later. Defendants only argue that Plaintiff cannot show a causal connection between the two events because the reorganization plan that Leavitt created was finalized on April 5, 2016 – two days *before* Plaintiff notified the City of his intent to file a discrimination complaint.

However, viewing the evidence in light most favorable to Plaintiff, it appears that Tankersley testified in his deposition that the final decision to eliminate Plaintiff's position occurred on April 9, 2016 – two days *after* Plaintiff notified the

City of his intent to file an EEOC complaint. (Doc. 77-6 at 64; 70-72). Due to the close temporal proximity of these events, the Court finds that Plaintiff has established a prima facie case for retaliation. *See, e.g., Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 926 (11th Cir. 2018) ("But we have explained that an employee's termination within days—or at most within two weeks—of his protected activity can be circumstantial evidence of a causal connection between the two.").

Defendants again proffer a valid, non-discriminatory reason for the adverse employment action – that reorganization of the senior management in the Water Resources Department was necessary to enhance fluidity of the decision-making process. By producing a nondiscriminatory reason for its actions, Defendants have met their burden of production, and the burden shifts back to Plaintiff to show that Defendants' proffered reasons are pretextual.

For the reasons discussed above, the Court finds that Plaintiff has provided sufficient evidence to establish that Defendants' proffered reason to eliminate his position was pretextual. As such, summary judgment is not warranted upon Plaintiff's FCRA retaliation claim.

*Qualified Immunity Defense*

The individual Defendants argue that they are entitled to qualified immunity because Plaintiff has not shown a clear violation of an established constitutional right. "Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly stablished statutory or constitutional rights of which a reasonable person would

have known.'" *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The Equal Protection Clause's protection against race discrimination is clearly established." *Potter v. Williford*, 712 F. App'x 953, 955 (11th Cir. 2017); *see also Busby v. City of Orlando*, 931 F.2d 764, 775 (11th Cir. 1991).

In this case, Plaintiff has presented a prima facie case of racial discrimination and retaliation, and he has provided sufficient circumstantial evidence to support his claims that Defendants violated his constitutional right to be free from racial discrimination in public employment. Because Plaintiff has established a prima facie case for race discrimination and retaliation, the Court finds that there is an issue of material fact as to the applicability of qualified immunity. *See, e.g.*, *Potter*, 712 F. App'x at 954; *Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995). The motion for summary judgment is denied as to this ground.

### *§ 1983 Claims (Counts III, IV, and V)*

A municipality cannot be held liable for employee violations of § 1981 under respondeat superior – rather, "the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 rights when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-34 (1989) (internal quotations omitted). In the motion for summary judgment, Defendants argue that Plaintiff has failed to and cannot prove a §1983 claim against the City. Defendants specifically contend

that neither Tankersley nor Cornwell had "final decision-making authority" over the reorganization and elimination of Plaintiff's position.[5] Defendants further argue that Plaintiff has failed to and cannot establish a custom, policy, or practice of racial discrimination.

Here, Plaintiff has pointed to evidence of discriminatory practices accepted by the City or a policy of tacitly approving racial discrimination. He has specifically identified several depositions of current and former City employees where they testified about an environment of racial discrimination in the water resources department and recounted several examples of racial discrimination. *See, e.g.,* (Doc. 77-7 King Deposition at 9-10; Doc. 77-8 Askew Deposition at 78; Doc. 77-9 Householder Deposition at 23; 77-10 Marshall Deposition at 11-15). Viewing this evidence in light most favorable to Plaintiff, the Court concludes that he has presented sufficient evidence to create a question for the jury as to whether there is a custom, policy, and practice of racial discrimination. The motion for summary judgment is due to be denied as to this ground.

---

[5] This argument is not well-developed in the papers. However, the Court notes that it appears there is some record evidence to support Plaintiff's allegations that Tankersley had final decision-making authority over the reorganization and elimination of Plaintiff's position, including testimony that Tankersley asked Steve Leavitt to remove Plaintiff from the new reorganization chart. *See* (Doc. 77-5 Connors Deposition at 38; Doc. 77-10 Marshall Deposition at 16-17; Doc. 77-13 Millet Deposition at 106; Doc. 77-17 Guella Deposition at 10). There is also evidence to support the allegation that Cornwell had final decision-making authority. *See* (*id.*). A reasonable jury hearing this evidence could certainly find that Tankersley and Cornwell had final decision-making authority to support Plaintiff's § 1983 claims.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants', City of St. Petersburg, Claude Tankersley and Gary Cornwell's Dispositive Motion for Summary Judgment" (Doc. 66) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**